UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-61601-CIV-SMITH

MICHAEL KORS, L.L.C.,

    Plaintiff,

vs.

BAYZAMZAM0, *et al.*

    Defendants.

_____/

## ORDER GRANTING APPLICATION FOR ENTRY OF PRELIMINARY INJUNCTION

THIS CAUSE came before the Court upon Plaintiff's Application for Entry of Preliminary Injunction (the "Application") [DE 5]. The Court has carefully reviewed the Application and the record and is otherwise fully advised in the premises.

By the instant Application, Plaintiff, Michael Kors, L.L.C. ("Plaintiff") moves for entry of preliminary injunction against Defendants, the Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" hereto (collectively "Defendants") pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C. § 1651(a).

The Court convened a hearing on July 29, 2019, at which only counsel for Plaintiff was present and available to present evidence supporting the Application. Because Plaintiff has satisfied the requirements for the issuance of a preliminary injunction, the Court will now grant Plaintiff's Application for Preliminary Injunction.

# I. Factual Background[1]

Plaintiff is the owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "Michael Kors Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| MICHAEL KORS | 1,977,507 | June 4, 1996 | IC 025; ladies' clothing; namely, dresses, jackets, pants, skirts, shirts, blouses, shorts, sweaters, coats, swimwear. |
| MICHAEL KORS | 2,049,326 | April 1, 1997 | IC 025; clothing for use by women; namely, anoraks; ascots; bandanas; belts; blazers; blousons; bodysuits; boleros; boots; camisoles; capes; caps; cardigans; chemises; clogs; fur coats; suit coats; culottes; earmuffs; gloves; halter tops; hats; headbands; jeans; jogging suits; jumpers; jumpsuits; kerchiefs; kimonos; leggings; loungewear; mittens; moccasins; mufflers; neckerchiefs; neckties; neckwear; pantsuits; parkas; pedal pushers; ponchos; pullovers; raincoats; sandals; scarves; shawls; shorts; undershirts; athletic shoes; gym shorts; sweat shorts; slacks; socks; sport coats; sport shirts; stoles; suits; sweat pants; sweat shirts; T-shirts; trousers; vests; vested suits; and warm-up suits; and, clothing for use by men; namely, anoraks; belts; blazers; cardigans; fur coats; suit coats; gloves; hats; neckties; neckwear; parkas; squares; pullovers; raincoats; scarves; shorts; undershirts; slacks; sport coats; sport shirts; suits; sweat pants; sweat shirts; T-shirts; trousers; tuxedos; vests; vested suits. |
| MICHAEL KORS | 2,520,757 | December 18, 2001 | IC 018; handbags, billfolds, credit card cases, key cases, and tote bags |

---

[1] The factual background is taken from Plaintiff's Amended Complaint, Application for Preliminary Injunction, and supporting Declarations submitted by Plaintiff.

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| MICHAEL MICHAEL KORS | 3,080,631 | April 11, 2006 | IC 018; bags, namely, tote bags; handbags; purses; wallets.<br><br>IC 025; Men's and women's clothing, namely, dresses, skirts, blouses, pants, jackets, blazers, coats, raincoats, capes, ponchos, scarves, hats, gloves, sweaters, belts, bathing suits, halter tops, jeans, warm up suits, sweatshirts, sweatpants, leggings, shorts, slacks, sport coats, sport shirts, suits, t-shirts, vests, ties; undergarments for women, namely, camisoles; footwear and headwear; belts. |
| MICHAEL KORS | 3,160,981 | October 17, 2006 | IC 014; watches |
| MK MICHAEL KORS | 3,438,412 | May 27, 2008 | IC 009; eyeglass frames, eyeglasses, sunglasses, eye shades<br><br>IC 018; handbags<br><br>IC 025; Men's and women's clothing, namely, dresses, skirts, blouses, pants, jackets, blazers, coats, sweaters, belts, jeans, sweatshirts, shorts, slacks, sport coats, T-shirts, footwear and headwear; belts. |
| MK MICHAEL KORS | 3,535,310 | November 18, 2008 | IC 014; watches |
| MICHAEL KORS | 4,052,748 | November 8, 2011 | IC 014; jewelry |
| MICHAEL KORS | 4,334,410 | May 14, 2013 | IC 009; Protective cases, covers and carrying cases for mobile phones, portable media players, personal digital assistants, laptops and tablet computers |

(*See* Declaration of Jenna Curtis in Support of Plaintiff's Application for Preliminary Injunction ("Curtis Decl.") ¶ 5; *see also* United States Trademark Registrations of the Michael Kors Marks at issue attached as Composite Exhibit 1 to the Amended Complaint.) The Michael Kors Marks

are used in connection with the design, marketing, and distribution of high quality goods in the categories identified above. (*See id.* ¶¶ 4-5.)

Defendants, by operating the e-commerce stores via the Internet marketplace websites, eBay.com or Wish.com, under their seller identification names identified on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing and/or using what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the Michael Kors Marks. (*See* Curtis Decl. ¶¶ 10-14; Declaration of Christine Ann Daley in Support of Plaintiff's Application for Preliminary Injunction ("Daley Decl.") ¶ 2; Declaration of Kathleen Burns in Support of Plaintiff's Application for Preliminary Injunction ("Burns Decl.") ¶ 4.)

Although each Defendant may not copy and infringe each Michael Kors Mark for each category of goods protected, Plaintiff has submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the Michael Kors Marks. (*See* Curtis Decl. ¶¶ 10-14.) Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Michael Kors Marks. (*See id.* at ¶¶ 11, 14.)

Plaintiff's counsel retained Invisible Inc, a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing versions of Michael Kors branded products by Defendants. (Curtis Decl. ¶ 11; Burns Decl. ¶ 3; Daley Decl. ¶ 2.) Invisible Inc accessed each of the e-commerce stores operating under Defendants' Seller IDs, placed an order for the purchase of a product bearing counterfeits of, at least, one of the Michael Kors Marks at issue in this action, via each Seller ID, and requested each product to be shipped to Invisible Inc's address in the Southern District of Florida. (*See* Burns Decl. ¶ 4.) Following submission of the

orders, Invisible finalized payment for the Michael Kors branded items purchased from Defendants to Defendants' respective payment accounts[2] and/or payee[3] as identified on Schedule "A" hereto. (*Id.*) At the conclusion of the process, the detailed web page captures and images of the Michael Kors branded items Invisible purchased via Defendants' Seller IDs, together with photographs[4] of the some of the items Invisible received, were sent to Plaintiff's representative for review. (*See* Curtis Decl. ¶¶ 12-13; Burns Decl. ¶ 4; Daley Decl. ¶ 2.) Plaintiff's representative conducted a review and visually inspected the Michael Kors branded items Invisible purchased via each of the Seller IDs and determined the products were non-genuine, unauthorized versions of Plaintiff's products. (*See* Curtis Decl. ¶¶ 13-14.)

On June 26, 2019, Plaintiff filed its Complaint [DE 1] and thereafter its Amended Complaint on July 19, 2019 [DE 15] against Defendants for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. On June 27, 2019, Plaintiff filed its *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets [DE 5]. On July 15, 2019, this Court entered an Order Granting *Ex Parte* Application for Entry of

---

[2] Upon completion of Invisible Inc's purchases from Defendant Number 18 – jeffrey-2001, operating via eBay.com, Invisible Inc discovered that the PayPal receipt received did not identify the respective Defendant's PayPal financial account in the form of an e-mail address. However, each receipt identifies the Transaction Identification Number ("Transaction ID") for the purchases Invisible Inc made, and Ms. Burns has personal knowledge that PayPal is able to identify a PayPal account using the Transaction ID. (*See* Burns Decl. ¶ 4, n. 1.)

[3] Defendant Numbers 1-44 operate via the non-party Internet marketplace platform, eBay.com, and use money transfer and retention services with PayPal, Inc. ("PayPal"). (*See* Burns Decl. ¶ 4, n.2.) (*See id.*) Defendant Numbers 45-67 operate via the non-party e-commerce marketplace platform, Wish.com ("Wish"), which is operated by ContextLogic Inc. ("ContextLogic"). "PayPal * Wish" was identified as the payee for each Invisible's orders from Defendant Numbers 45-67's Wish.com Seller IDs. (*See id.*)

[4] Plaintiff's representative, Jenna Curtis, was provided with photographs of some of the products purchased from Defendants via their Seller IDs. (*See* Curtis Decl. ¶ 12, n. 1.)

Temporary Restraining Order (the "TRO") [DE 8] and temporarily restrained Defendants from infringing the Michael Kors Marks at issue and restrained funds in the payment accounts associated with the Defendants. Pursuant to the Court's July 15, 2019 TRO, Plaintiff properly served Defendants with a copy of the Amended Complaint, and all filings in this matter, and the Court's July 15, 2019 TRO [see DE Nos. 21 and 22]. On July 29, 2019, the Court conducted a hearing on Plaintiff's Application, at which only counsel for Plaintiff was in attendance.

## II. Legal Standard

In order to obtain a preliminary injunction, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

## III. Conclusions of Law

The declarations Plaintiff submitted in support of its Application for Preliminary Injunction support the following conclusions of law:

A. Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing and/or using counterfeits, reproductions, or colorable imitations of the Michael Kors Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiff's products that bear copies of the Michael Kors Marks.

B. Because of the infringement of the Michael Kors Marks, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's Amended Complaint, Application for Preliminary Injunction, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers because it is more likely true than not that:

1. Defendants own or control e-commerce stores via an Internet marketplace platform operating under their seller identification names which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of Plaintiff's rights; and

2. There is good cause to believe that more counterfeit and infringing products bearing Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products.

C. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products if such relief is not issued.

D. The public interest favors issuance of the preliminary injunction to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods.

E. Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing counterfeits and infringements of the Michael Kors Marks. *See Reebok Int'l, Ltd. v. Marnatech*

*Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Upon review of Plaintiff's Amended Complaint, Application for Preliminary Injunction, and supporting evidentiary submissions, it is hereby

ORDERED that Plaintiff's Application for Preliminary Injunction [DE 5] is **GRANTED**, according to the terms set forth below:

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

> a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Michael Kors Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and
>
> b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing and/or using the Michael Kors Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture,

importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the Michael Kors Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Michael Kors Marks, or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs;

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Michael Kors Marks, or any confusingly similar trademarks, within metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the Seller IDs;

(4) Each Defendant shall not transfer ownership of the Internet based e-commerce stores operating under their Seller IDs during the pendency of this action, or until further order of the Court;

(5) Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Internet based e-commerce stores operating under their Seller IDs and shall

take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce stores under their Seller IDs that may have been deleted before the entry of this Order;

(6) Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, Inc. ("PayPal") and ContextLogic Inc. ("ContextLogic"), which operates the Wish.com platform, and their related companies and affiliates shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores and Internet websites operating under the Seller IDs and/or the e-mail addresses identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court;

(7) Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to, PayPal, ContextLogic, and their related companies and affiliates, shall further, to the extent not already done, provide the Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. No funds restrained by this Order shall be transferred or

surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, PayPal, ContextLogic, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court;

(8) Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

(9) This Order shall apply to the Seller IDs, associated e-commerce stores, and any other seller identification names, e-commerce stores, or financial accounts which are being used by Defendants for the purpose of counterfeiting the Michael Kors Marks at issue in this action and/or unfairly competing with Plaintiff;

(10) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(11) Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the Internet marketplace websites and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, including but not limited to Paypal, ContextLogic, Wish, eBay.com, and their related companies and affiliates shall, to the extent not already done, at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with Defendants' respective Seller IDs;

(12) This Order shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties.

**DONE AND ORDERED** in Fort Lauderdale, Broward County, Florida, this 29th day of July, 2019.

_____
RODNEY SMITH
United States District Judge

Copies provided to:

Counsel of Record

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER, SELLER ID, STORE URL, AND PAYMENT ACCOUNTS**

| Def. No. | Defendant / Seller Name | Seller Platform | PayPal Account | Store URL (Wish Only) |
|---|---|---|---|---|
| 1 | bayzamzam0 | eBay | bayuzam21@gmail.com | |
| 2 | adamjohnson_60 | eBay | boulidaaax@gmail.com | |
| 3 | alidud_0 | eBay | alifdudu@gmail.com | |
| 4 | art-all1969 | eBay | taoxiaojun1969@163.com | |
| 5 | bravecase | eBay | bravestokss@gmail.com | |
| 6 | carloscase21 | eBay | darielnastysaddrr@gmail.com | |
| 7 | coverhitz | eBay | thecoverhitz@gmail.com | |
| 8 | duakubup | eBay | duakubup11@outlook.com | |
| 9 | easymart2016-8 | eBay | shmsmy@sina.com | |
| 10 | edkusum1 | eBay | edokusuma199@yahoo.com | |
| 11 | ekn-78 | eBay | 923163747@qq.com | |
| 12 | elokoyuma-0 | eBay | ekoyumah@yahoo.com | |
| 13 | eoph4316 | eBay | chendanpoy@163.com | |
| 13 | medfg66_8 | eBay | chendanpoy@163.com | |
| 14 | fshd9443 | eBay | lianxiang2697@sina.com | |
| 15 | huajuan5hdf6shg-9 | eBay | huajuan5hdf6shg@hotmail.com | |
| 16 | id2015.baicu | eBay | baiculituganting@gmail.com | |
| 17 | iskandaluqma_0 | eBay | i.luqman@yahoo.com | |
| 18 | jeffrey-2001 | eBay | Transaction ID: 2DW22253U0338834D | |
| 19 | jianfa_0 | eBay | celia100@sina.cn | |
| 20 | johkwo_71 | eBay | jhonkwok60@gmail.com | |
| 21 | kaerm-01 | eBay | 2119665128@qq.com | |
| 22 | kaizhangxue | eBay | ruikai58@gmail.com | |
| 23 | kiwifruit-shop | eBay | tianjingni126@163.com | |
| 24 | lhy19_93 | eBay | yj287823378@hotmail.com | |
| 25 | lilisasa1988 | eBay | zhaizemin1997@163.com | |
| 26 | lje-77 | eBay | bipurui1026@sina.cn | |
| 27 | lunaid_pytvv | eBay | cuttariitulunamaya@gmail.com | |
| 28 | lutfhad-7 | eBay | lutfihadi266@yahoo.com | |
| 29 | mcplusc | eBay | hrh20170710@qq.com | |
| 30 | nianhkk557 | eBay | houshengcun6587@sina.com | |
| 31 | ricnuhr | eBay | riccnno93@gmail.com | |
| 32 | rotoroll | eBay | maeast@126.com | |
| 33 | seratustigapul | eBay | seratustigapul11@outlook.com | |
| 34 | splendid126 | eBay | hanshengyin1987@163.com | |
| 35 | sulistyoadiswant-0 | eBay | isulistyoadi@yahoo.com | |

| Def. No. | Defendant / Seller Name | Seller Platform | PayPal Account | Store URL (Wish Only) |
|---|---|---|---|---|
| 36 | ulfamar0 | eBay | ulfaamara@yahoo.com | |
| 37 | vd88ffs636 | eBay | 203473544@qq.com | |
| 38 | vicky-yishi | eBay | 1284946648@qq.com | |
| 39 | wailamking | eBay | 1019392197@qq.com | |
| 40 | welove666 | eBay | 481989708@qq.com | |
| 41 | wulincqy-341 | eBay | m17151295047@163.com | |
| 42 | xiaxiayouyu3688 | eBay | caodian562@sina.com | |
| 43 | xionging4562 | eBay | xionging456@163.com | |
| 44 | yj00_10 | eBay | lhy0063yj@tom.com | |
| 45 | Alitecher | Wish | PayPal *Wish | https://www.wish.com/merchant/5b1256d5daac456dbe2a0823 |
| 46 | Cornucopia_store | Wish | PayPal *Wish | https://www.wish.com/merchant/55d9acec3e390110484553c5 |
| 47 | Fashion Jewellery Store | Wish | PayPal *Wish | https://www.wish.com/merchant/54ba6f9cd7df3c093cf42f98?&source=merchant |
| 48 | flyby | Wish | PayPal *Wish | https://www.wish.com/merchant/595a4e29d4cc3424950b1eab |
| 49 | gbdccddew | Wish | PayPal *Wish | https://www.wish.com/merchant/5afaa7d03beec113457564c14/ |
| 50 | gulangyu | Wish | PayPal *Wish | https://www.wish.com/merchant/575ebdff503af35ebe556380 |
| 51 | happy smiple | Wish | PayPal *Wish | https://www.wish.com/merchant/58a7da9e96f1bb6f211108c9 |
| 52 | hhwan | Wish | PayPal *Wish | https://www.wish.com/merchant/55f66c3efb4f694265fe96f0 |
| 53 | Hippie's store | Wish | PayPal *Wish | https://www.wish.com/merchant/5866083baf29f44d40f5206a?&source=merchant |
| 54 | Huayu store | Wish | PayPal *Wish | https://www.wish.com/merchant/55ceb58a7337883989c99080 |
| 55 | Jialiandianpu | Wish | PayPal *Wish | https://www.wish.com/merchant/58f332452bb360170f2e96ba |
| 56 | JS fashion | Wish | PayPal *Wish | https://www.wish.com/merchant/5391c860b9ee8427b0503afe |

| Def. No. | Defendant / Seller Name | Seller Platform | PayPal Account | Store URL (Wish Only) |
|---|---|---|---|---|
| 57 | JS trading co. | Wish | PayPal *Wish | https://www.wish.com/merchant/54140c53f8abc87974771f46?&source=merchant |
| 58 | lilybagstore | Wish | PayPal *Wish | https://www.wish.com/merchant/55ebd8fa3a698c3a9daa6e09 |
| 59 | meinini | Wish | PayPal *Wish | https://www.wish.com/merchant/566820043a698c5ea4414eb8 |
| 60 | nale | Wish | PayPal *Wish | https://www.wish.com/merchant/551aae2b35bdf81538650fae |
| 61 | peipei | Wish | PayPal *Wish | https://www.wish.com/merchant/53f46d671f50637dc2b6377d |
| 62 | Skin fly | Wish | PayPal *Wish | https://www.wish.com/merchant/579894ab76f32b2a35273537 |
| 63 | Wee's Green Tea | Wish | PayPal *Wish | https://www.wish.com/merchant/57611887337cfe5e14ec7e88 |
| 64 | xiangbiaobiao | Wish | PayPal *Wish | https://www.wish.com/merchant/583be8910884751bb7e97611 |
| 65 | xiaoshiweiweida | Wish | PayPal *Wish | https://www.wish.com/merchant/599ebd799fbc51668fb4bcc5?&source=merchant |
| 66 | yang743345 | Wish | PayPal *Wish | https://www.wish.com/merchant/5b95e621b1ab8c2082709bb1 |
| 67 | yangqing17 | Wish | PayPal *Wish | https://www.wish.com/merchant/590b285f754793111151e66ac |